# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROWENA MOLSON, ) | |
| ) | Case No. 1:19-CV-11 |
| Plaintiff ) | |
| ) | United States District Judge |
| vs. ) | Susan Paradise Baxter |
| ) | |
| CRAIG MONTGOMERY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff, acting pro se, commenced this civil rights action on January 11, 2019. By Order dated January 11, 2019, Plaintiff was directed to file an amended complaint before January 29, 2019. The Order warned that Plaintiff's failure to file the amended complaint could result in the dismissal of this action for failure to prosecute. ECF No. 2. Plaintiff failed to file the amended complaint.

By Order dated February 14, 2019, this Court directed Plaintiff to show cause for her failure to file the amended complaint. Plaintiff was to show cause before February 28th or risk dismissal of this action due to her failure to prosecute. ECF No. 3. Plaintiff has not filed either an amended complaint or a response to the show cause order.

This Court must use a six-factor balancing test to determine whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The factors include: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions;

and 6) the meritoriousness of the claim or defense.  Id. at 868.  Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted.  Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, dismissal is appropriate.  Plaintiff has ignored two direct orders from this Court regarding the deficiencies in her original complaint. Plaintiff's non-compliance in this regard is willful as she has been given two opportunities to respond and has been given ample time to do so. Without an amended complaint, this case will not proceed. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of her claims.  Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.  Although it is possible that Plaintiff's allegations may state a claim upon which relief could be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.  Accordingly, this case will be dismissed due to Plaintiff's failure to prosecute.

An appropriate Order follows.